IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL MULDROW     PETITIONER
ADC #155507

v.     Case No. 5:14-cv-00298 BSM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction     RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

<u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A 149
>   Little Rock, AR 72201-3325

## Introduction

Before the Court is the Petition for Writ of Habeas Corpus filed by Michael Muldrow on August 5, 2014. (DE #2) Respondent filed a response on August 27, 2014, DE #7, to which Muldrow replied, DE #12. On November 12, 2015, the Court directed Respondent to respond to the argument that Petitioner was actually innocent of first degree murder, and it also directed the Respondent to file the state court record of the Rule 37 appeal. (DE #14) Respondent complied with the Court's order on December 14, 2015, with a Supplemental Response. (DE #15) After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be dismissed.

## Procedural History

The State of Arkansas charged Michael Muldrow with first-degree murder. It was alleged that, in the early morning hours of August 16, 2012, Muldrow entered the residence of his ex-

girlfriend, who had a male visitor present. After striking his ex-girlfriend, Muldrow fired a handgun in the direction of the male visitor, who was shot in the neck and later died. On August 5, 2013, Michael Muldrow pleaded guilty in a Hempstead County, Arkansas, Circuit Court to first degree murder. (DE #7-1) He is currently serving twenty years' imprisonment in the Arkansas Department of Correction.

On November 15, 2013, Muldrow filed a Rule 37 petition. Muldrow argued that trial counsel was ineffective for not properly explaining the plea, the nature of the charges, and the fact that he was acknowledging an intent to commit murder.. (DE #2, at p. 3) The Hempstead County Circuit Court dismissed the petition on February 12, 2014, as untimely. (DE #7-3) There is no indication that this decision was ever appealed. Muldrow filed the instant federal habeas petition on August 5, 2014.

## Discussion

In this petition, Muldrow states the following grounds for reversal: (1) the trial court failed to advise Muldrow that he was pleading guilty to intent to kill; (2) trial counsel was ineffective for failing to make a meritorious objection or file a motion to withdraw Muldrow's guilty plea when the trial court failed to read the felony information that outlined the underlying elements into the record; and (3) Muldrow's guilty plea was involuntarily entered because he did not understand the true nature of the state and federal constitutional protection of the charges against him and had an incomplete understanding of the element of intent to kill. (DE #2, at pp. 4-6) Muldrow's claims are procedurally defaulted.

A habeas petitioner who cannot present his federal claims in state court due to

untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Under Arkansas law, when a defendant enters a plea of guilty, he waives his right to appeal. *See Payne v. State*, 327 Ark. 27, 937 S.W.2d 160 (19997); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," and "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 569-70 (1989). *See also, e.g., Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and

4

intelligent, it quite validly removes the issue of factual guilt from the case."). Arkansas law requires that all claims that a sentence was imposed in violation of federal or state law, including challenges to the adequacy of counsel's representation and challenges to the validity of a guilty plea, be brought in a Rule 37 petition. Ark. R. Crim. P. 37.1 and 37.2; *see also Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004).

While Petitioner asserts that his plea of guilty was not knowing and intelligent because he was misinformed as to the true nature of the charged offense, he did not timely challenge the validity of his guilty plea in the Rule 37 petition. Thus, he failed to invoke "one complete round of the State's established appellate review process," and his arguments are procedurally defaulted. *O'Sullivan*, 526 U.S. at 845. Where the petitioner's claims are procedurally defaulted, review is barred unless he first demonstrates either cause for the default and actual prejudice or actual innocence. *Welch*, 616 F.3d at 760. There is no such showing here. "In this case, petitioner cannot show cause and actual prejudice because his claim of actual innocence was available at the time of his guilty plea[.]" *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000). As such, Petitioner's procedural default prevents any federal consideration of his claims.

Petitioner argues in his Motion to Amend the Petition, which the Court treats as a supplemental reply to the State's response, that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the procedural default of his petition. *Martinez* merely gave prisoners a chance to have federal courts entertain initial ineffective assistance of trial counsel claims that were procedurally defaulted due to a prisoner's pro se status or the ineffective assistance of postconviction counsel. It does not excuse the untimely filing of a state

postconviction petition. *See Martinez*, 132 S. Ct. at 1318 (holding that the absence of an attorney may excuse a "procedural default in an initial-review collateral proceeding."). Petitioner's claims were untimely and not defaulted by postconviction counsel; thus, *Martinez* does not apply.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

### Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED. The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). Because the Court will not issue a certificate of appealability, it certifies than an appeal in forma pauperis would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

SO ORDERED this 13th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE